UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL CHARLES SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK EATON, et al.,<br><br>Defendants. | Case No. 1:21-cv-00736-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Gabriel Charles Sanchez, a state prisoner, alleges the defendants were deliberately indifferent to his health or safety. (Doc. 1.) In his complaint, Plaintiff indicates that he has not filed an administrative grievance regarding his claims. (*Id.* at 3, 4.) Therefore, on September 7, 2021, the Court issued an order to show cause, within 21 days, why this action should not be dismissed for failure to exhaust administrative remedies prior to filing suit. (Doc. 6.) Although more than 21 days have passed, Plaintiff has failed to respond to the order to show cause.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534

U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Generally, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

It is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. Accordingly, the Court RECOMMENDS that this action be DISMISSED without prejudice. The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 14, 2021**            _ **/s/ Jennifer L. Thurston**
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE